IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD RICHARD CHAZEN,

                Petitioner,

v.

LOUIS WILLIAMS, II,

                Respondent.

ORDER

17-cv-447-jdp

---

    Pro se petitioner Todd Richard Chazen, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Chazen contends that *United States v. Mathis*, 136 S. Ct. 2243 (2016), and *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidate his sentence, which has been enhanced under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e). I screened his petition, appointed him counsel, and indicated that he may amend the petition with the assistance of counsel. Dkt. 5. Anticipating an amended petition, I did not direct service of the original petition and explained that I would set the briefing schedule after reviewing the amended petition. *Id*. at 5.

    Now, through counsel, Chazen moves for authorization to release documents. Dkt. 8. He seeks an order "authorizing the United States District Court and the United States Probation Office for the District of Minnesota to release to [his counsel's] office any and all documents related" to his criminal proceeding, *United States v. Chazen*, No. 10-cr-332 (D. Minn. filed Nov. 2010). *Id*. at 1. I will grant Chazen's motion to the extent that Chazen requires my approval and authorize the release of the documents. But "[e]very court has supervisory power over its own records and files," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

598 (1978), so my approval is necessarily subject to the discretion of the United States District Court for the District of Minnesota.

I will also allow Chazen to seek the documents that he needs from respondent, who may be in a better position to obtain the documents. To obtain discovery, the petitioner must show (1) a colorable claim that the underlying facts, if proven, constitute a constitutional violation; and (2) good cause for discovery. *Tabb v. Christianson*, 855 F.3d 757, 763 (7th Cir. 2017). I have already determined that Chazen has a colorable claim under *Mathis* and *Samuel Johnson*, Dkt. 5, and Chazen has shown good cause for discovery: he needs the documents pertaining to his sentencing to litigate his petition. I will direct service on respondent and allow Chazen to conduct discovery. Should any dispute arises as to which documents Chazen may obtain, the parties may file appropriate motions, but they should confer in good faith to avoid unnecessary litigation. *See United States v. Curry*, 641 F. App'x 607, 610 (7th Cir. 2016).

I will also set the schedule on how this case should proceed. Chazen is now represented by counsel, so I will allow him to amend his petition that he filed pro se. *See Lieberman v. Budz*, No. 00-cv-2531, 2002 WL 1888396, at *3 (N.D. Ill. Aug. 16, 2002). (leave to amend should be freely given once a pro se petitioner obtains counsel). I will set the briefing schedule below.

ORDER

IT IS ORDERED that:

1. **Service of petition.** The clerk of court is directed to send copies of petitioner Todd Richard Chazen's petition for a writ of habeas corpus, Dkt. 1 and Dkt. 2, and the order appointing counsel, Dkt. 5, to respondent at FCI-Oxford, the local United States Attorney, and the United States Attorney General by certified mail, in accordance with Federal Rule of Civil Procedure 4(i).

2. **Motion for release of documents.** Petitioner's motion for authorization to release documents is GRANTED.

3. **Discovery.** Petitioner is GRANTED leave to conduct discovery to obtain documents related to his criminal proceeding, *United States v. Chazen*, No. 10-cr-332 (D. Minn. filed Nov. 2010).

4. **Amended petition**. Petitioner may have until 60 days from the date of this order to file and serve an amended petition or state that he declines to do so.

5. **Answer deadline.** Within 30 days from the date of service of the amended petition or the declination to amend the petition, respondent must file an answer to the petition, showing cause, if any, why this writ should not issue.

6. **Briefing schedule.** The parties shall adhere to the following briefing schedule with respect to petitioner's claims:

    a. Respondent must file a brief in opposition with his answer.

    b. Once respondent files a brief in opposition, petitioner shall have 20 days to file a reply if he wishes to do so.

Entered February 7, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge